## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAMES EDWARD CARRODINE,

      Plaintiff,             Civil Action No. 2:22-CV-12265

v.                         HONORABLE DENISE PAGE HOOD
                                UNITED STATES DISTRICT JUDGE

MICHIGAN DEPARTMENT
OF CORRECTIONS, et. al.,

      Defendants,

_____/

## OPINION AND ORDER PARTIALLY DISMISSING
## THE CIVIL RIGHTS COMPLAINT

### I.  Introduction

Before the Court is Plaintiff James Carrodine's *pro se* civil rights complaint

filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner incarcerated at the

Macomb Correctional Facility in New Haven, Michigan.  The Court has reviewed

the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C.

1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However,

28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have
> been paid, the court shall dismiss the case at any time if the court
> determines that:
> (B) the action or appeal:

1

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v.*

2

*Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff suffers from psoriasis.  Plaintiff had a job assignment in the cafeteria at the Macomb Correctional Facility.  Plaintiff alleges that Defendant Warriner, the food supervisor, ordered him to use a cleaning solution in the cafeteria which caused him to suffer first-degree burns.  Plaintiff was sent several times to the prison health services, where he was treated by Defendant Farris, a Physician's Assistant.  Farris informed Warriner that plaintiff needed to be assigned to another job in the prison cafeteria that did not require him to use these cleaning materials.  Another defendant, Andrea Owens, also informed Warriner that plaintiff needed to be assigned to another work assignment in the prison.  Although plaintiff was reassigned to another job, Warriner verbally harassed him.  Plaintiff filed grievances against Warriner to complain about this treatment.  Plaintiff alleges that Warriner terminated him from his prison job in retaliation for the grievances.

Plaintiff claims that when he was assigned to another area in the cafeteria and given gloves to work with, he continued to suffer from third-degree burns to his hands and psoriasis, possibly from exposure to the cleaning materials and/or hot water. Plaintiff complained about this condition to Defendant Elward, another food

3

supervisor at the prison. Plaintiff claims that Defendant Elward refused to send him for medical treatment, which caused his condition to worsen. Plaintiff filed grievances against Elward. Plaintiff claims that Elward also retaliated against plaintiff for filing these grievances by participating in the termination of his employment.

Plaintiff alleges that Defendant Patton, the Classification Director at the prison, assisted Defendants Warriner and Elward in removing plaintiff from his job, in retaliation for him filing his grievances.

Plaintiff alleges that Defendants Farris, Owens, and Stoyanovitch, caused him to lose his prison job by informing Warriner that plaintiff needed to be placed on work restriction, by advising him to go to Warriner and ask for a new job assignment, which ultimately led to him losing his prison job, and/or by failing to put in writing to Warriner that plaintiff needed to be placed on a work restriction because of his psoriasis.

## IV.  Discussion

### A. The suit must be dismissed against the Michigan Department of Corrections.

The complaint must be dismissed against the Michigan Department of Corrections, because it is not a "person" subject to suit under 42 U.S.C. § 1983, and thus, the Eleventh Amendment would bar plaintiff's civil rights action against the Michigan Department of Corrections. *Harrison v. Michigan*, 722 F.3d 768, 771 (6th

Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *Rodgers v. Michigan Dept. of Corrections,* 29 F. App'x. 259, 260 (6th Cir. 2002)

> **B. The lawsuit must be dismissed against the Macomb Correctional Facility, the prison mental health department, the prison health services, and the OTP (Outpatient Treatment Program).**

The case must be dismissed against these entities, because they are not persons who can be sued under § 1983.

A state prison or correctional facility is not a "person" for purposes of the Civil Rights Act. *See Anderson v. Morgan Cty. Corr. Complex*, No. 15–6344, 2016 WL 9402910, at * 1 (6th Cir. Sept. 21, 2016)("A state prison is not a 'person' subject to suit under § 1983."); *Hix v. Tennessee Dept. of Corrections*, 196 F. App'x. 350, 355–356 (6th Cir.2006)(and cases cited therein)(holding that neither the state department of corrections, as an "administrative department of the state," nor the state prison's medical department, which "may be seen as nothing more than an arm" of the department of corrections, is a "person" within the meaning of § 1983); *McIntosh v. Camp Brighton*, No. 14-CV-11327, 2014 WL 1584173, at * 2 (E.D. Mich. Apr. 21, 2014)(finding that a state prison facility is an institution operated by a state corrections department and "is not a 'person' or legal entity subject to suit under 42 U.S.C. § 1983").  The case must be dismissed against the Macomb Correctional Facility and its mental health, health services, and OTP programs.

**C.  The case must be dismissed against Defendants Farris, Owens, and Stoyanovitch.**

The case must be dismissed against these defendants, because plaintiff fails to state a claim for relief.

Plaintiff alleges that these defendants through various actions or omissions caused him to lose his job, either by recommending that plaintiff be placed on work restrictions, encouraging plaintiff to ask Defendant Warriner to do so, or by failing to put in writing that plaintiff needed to be placed on work restriction.

Placing medical restrictions on an inmate which precludes him or her from a particular prison job assignment does not violate the Eighth Amendment. *McKinley v. Bowlen*, 8 F. App'x. 488, 492 (6th Cir. 2001).  Petitioner's "claim merely reflects a difference of opinion with the diagnosis provided by medical personnel and is insufficient to state a claim for a violation of his Eighth Amendment rights." *Id.*

**D. The case will continue against the remaining defendants.**

The case will proceed against the remaining defendants.  Plaintiff alleges that these defendants terminated plaintiff from his prison job in retaliation for him filing grievances against them.  These allegations, if true, state a claim for relief. *See Murphy v. Lockhart*, 826 F. Supp. 2d 1016, 1032 (E.D. Mich. 2011), amended in part (Oct. 14, 2011).  Plaintiff also claims that the defendants were indifferent to his

medical needs, which also states a claim for relief. *Hicks v. Grey*, 992 F. 2d 1450, 1454-1455 (6th Cir. 1993).

## V.  ORDER

 **IT IS ORDERED THAT:**

 The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS MICHIGAN DEPARTMENT OF CORRECTIONS, MACOMB CORRECTIONAL FACILITY, THE MENTAL HEALTH DEPARTMENT, THE HEALTH SERVICE DEPARTMENT, DIANA STOYANOVITCH, ANDEA OWENS, AND KIM FARRIS FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.  THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**


 **s/Denise Page Hood**
 **HON. DENISE PAGE HOOD**
 **UNITED STATES DISTRICT JUDGE**

**Dated:  November 4, 2022**